**Gertrude M. JARMAN, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**No. 7:05–CV–179–BO.**

United States District Court, E.D. North Carolina. Southern Division.

Sept. 15, 2006.

Gertrude M. Jarman, Jacksonville, NC, Pro se.

Jonathan D. Carroll, U.S. Dept. of Justice, Washington, DC, Neal Fowler, U.S. Dept. of Justice, Raleigh, NC, for Defendant.

## ORDER

BOYLE, District Judge.

This matter is before the Court on Defendant's Motion to Dismiss for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Defendant's Motion to Dismiss is GRANTED and this matter is DISMISSED.

## BACKGROUND

This action arises from Plaintiff's attempt to claim the Earned Income Credit under 26 U.S.C. § 32 on her 1998 federal income tax return. After petitioning Onslow County Superior Court to remove her physically and mentally disabled aunt from a nursing home, Plaintiff was appointed her guardian. Plaintiff's aunt required constant and demanding care from the Plaintiff until her death in 2003. On her 1998 federal income tax return, Plaintiff claimed her aunt as a qualifying child to obtain the aforementioned credit. The Internal Revenue Service denied the claim because Plaintiff's aunt did not meet the relationship test as a qualifying child. Plaintiff filed suit to recover her income tax credit under 26 U.S.C. § 7401.

*ANALYSIS*

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *See Papasan v. Allain,* 478 U.S. 265, 283, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993). A motion to dismiss under Rule 12(b)(6) should be granted when "it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Id.*

In order to claim the Earned Income Credit under 26 U.S.C. § 32(c)(3)(A)(ii), a claimant must have a "qualifying child." A qualifying child must bear a relationship to the taxpayer as a son or daughter, a decedent of either, a stepchild or an eligible foster child. *Id.* § 32(c)(3)(B)(i) (1998). Plaintiff asserts that her aunt was a foster child under the provision. A foster child is defined as someone the taxpayer "cares for as the taxpayer's own child." The relationship refers to "lineal descendants of the taxpayer, stepchildren, or foster children of the taxpayer. It does not mention siblings or nephews. This language shows that Congress intended the earned income credit to be offered only to parents actually caring for children." *Smith v. C.I.R.,* 74 T.C.M (CCH) 1344 (1997). *See also Mares v. C.I.R.,* 82 T.C.M. (CCH) 424 (2001) (determining that petitioner's siblings did not meet the relationship test); *Echevarria v. C.I.R.* (No. 12522–02S) 2003 WL 21666314, *1 (U.S. Tax Ct.2003) (denying status as a "qualifying child" where the dependent child was not a child, stepchild or descendent of petitioner, and had not been adjudicated a foster child by an authorized placement agency).

As an aunt of the Plaintiff, the dependent in question is not a lineal descendant or stepchild and has not been adjudicated a foster child. Although Plaintiff lovingly cared for her disabled aunt, the tax credit does not extend to an elder care relationship, but is restricted to a parental support relationship. With all doubts resolved for the benefit of the Plaintiff, the facts do not show any circumstances in which the Plaintiff would be entitled to relief from this Court.

For the reasons stated above, the Court finds that Plaintiff has failed to establish that the a cause of action. Accordingly, Defendants' Motion to Dismiss is GRANTED, and the matter is DISMISSED.